**SO ORDERED.**

**SIGNED this 15 day of January, 2010.**

_____

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

IN RE:                                                    CASE NO.

**LONNIE EARL TYNDALL, and**                              **05-08643-8-JRL**
**SAMANTHA ROBIN TYNDALL,**

                                                          **Chapter 7**

        **DEBTORS.**

**ORDER**

This case is before the court on the debtors' motion to avoid the lien of Amerifirst Home Improvement Finance.  A hearing took place in Raleigh, North Carolina on January 12, 2010.

The debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 10, 2005.  A discharge was granted on January 23, 2006, and the debtors' case was closed on January 26, 2006.  An order reopening the debtors' case was entered on September 14, 2009.  The debtors seek to avoid a lien in the amount of $14,307.00, securing a second mortgage on their residence, as an impairment of their exemptions under § 522(f) of the United States Bankruptcy Code.

Section 522(f)(1) allows the debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)  . . ." if such lien is a judicial lien or a nonpossessory, nonpurchase-money security interest in specific items of personal property. 11 U.S.C. §

522(f)(1).  Although § 522 allows the court to avoid judicial liens on real property and certain

consensual liens on personal property, it does not contain a provision that allows the court to

avoid consensual liens on real property.  A consensual lien on real property may only be avoided

under § 506(d), if it is a wholly unsecured junior lien. *See* <u>In re Kidd</u>, 161 B.R. 769, 771 (Bankr.

E.D.N.C. 1993).  The debtors were allowed a homestead exemption in the amount of $5,433.00

with both liens attached to the property, indicating that both liens were fully secured.  Thus there

are no grounds upon which the court may avoid the junior lien on the debtors' residence.

  Based on the foregoing, the court DENIES the debtors' motion to avoid the lien of

Amerifirst Home Improvement Finance.

**"END OF DOCUMENT"**